NO. 8120

COURT OF APPEAL

PARISH OF ORLEANS

SEABRON O. BROCK

versus

SAM C. BRAND.

Court of Appeal
PARISH OF ORLEANS
FILED UNDY 14/21
Stansbry

8120

By Dinkelspiel; J.

This controversy presents a two fold attitude. The first on the allegations of petition is that plaintiff is the sole owner and proprietor of the Model Machine Works, located in the City of New Orleans, at 1110 Camp Street, where he is in full and complete possession of a going concern. That defendant, a resident of this City, asserting some right, title or ownership in and to said Machine Shop, or some of its contents, threatens to take physical possession thereof and thereby destroy petitioner's active business which will cause him irreparable injury and that a writ of injunction is necessary in the premises. Alleging further that defendant has no right of title or interest in or to said shop or any of its contents or any of its machines and he has no right to assert any claim thereto or to take possession thereof or any part thereof. Alleging further that during the early part of 1920 the defendant entered into a verbal partnership with petitioner under the terms of which he advanced certain amounts in the purchase of said machine shop's equipment and so forth, amounting to $772.54, and alleging further that said partnership was by mutual verbal consent of both parties, dissolved on the 25th day of May 1920; that plaintiff was to take over said shop for his individual account together with its assets and liabilities, which he did; that amongst other assets due the said co-partnership and taken over by plaintiff was the admitted past due account against the defendant for work done by said co-partnership for him, aggregating an amount largely in exfess of the amount due by said co-partnership to said defendant and for which amount, $737.39, plaintiff claims judgment and finally praying that a writ of injunction restraining defendant from removing or attempting to remove any of the machines or machine shop equipment at 1110 Camp Street, from said premises, and that defendant remain

105

so enjoined pending these proceedings and that he be cited to appear and answer to demand and that after due legal delays and proceedings had, plaintiff recover judgment against defendant perpetuating the injunction issued and further rendering judgment against him decreeing said machine shop together with all of its equipment and machines therein to belong to him and for judgment against him for the sum of $727.39, with legal interest from judicial demand, for costs and for general relief.

On the allegations of this petition sworn to by plaintiff the Judge ordered that upon plaintiff furnishing him bond in the sum of $800.00, the injunction issue.

To this        petition there was annexed itemized statements of debits and credits evidencing according to same the amount claimed as due by defendant to plaintiff.

To this petitioner there was filed by the defendant an exception that being a resident and domiciled in the Parish of Jefferson, that this Court n s no jurisidiction over the person of this defendant and as specially pleads exception of jurisd'otion of this Court "rationae per onae".

On the prayer of this exception after hearing the parties, the Judge made the following order:

"The evidence discloses that the defendant is a resident and citizen of the Parish of Jefferson. This deprives this Court of jurisdiction as to the demand and the injunction issued. Suit dismissed."

From this judgment there is this appeal.

The first question presented to us in this case is that the exception as such was not sworn to as required by Act 300 of 1914, Section 6.

Our answer to this is that this was not specially and specifically pleaded in the lower Court as it should have been done under the Practice and Pleadings Acts, hence for the first time it was presented to this Court and we cannot maintain it under the circumstances.

106

The next question presented, whether the partnership having been dissolved some months prior to the filing of this suit for injunction, there can or cannot be a judgment against the defendant, a citizen and resident of the Parish of Jefferson.

The authorities are ample and in our opinion uniform and they hold, together with the Article 162 of the Code of Practice, which reads "It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence."

The partnership having been dissolved months prior to the filing of the petition the claim asserted must therefore be sued on in the Parish in which the defendant has his domicile.

> Ranlet vs. Collier White Lead Co. 30 An. 56;
>
> David vs. Eloi, 4 La. 107; Lambert v. Vauter, 6 Rob.
> 127; Hobson v. Whittemore, 13 La. 422.

We are therefore of the opinion that the allegations of the petition for an injunction alleged facts sufficent to justify its issuance and therefore believe that the lower Court erred in that particular, but we are of the further opinion that the claim against defendant for the amount stated must be sued upon in the Parish of defendant's present domicile, which is the Parish of Jefferson under the evidence of this case.

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the Court aqua in so far as the injunction is concerned be and the same is hereby avoided, annulled and reversed and further ordered, adjudged and decreed that in all other respects as to the claim of plaintiff against defendant it must be sued upon in the Parish in which defendant has his domicile.

This cause is therefore remanded on the question of the injunction for trial, to the Court aqua, costs to be paid by the exceptor the defendant in this case, the other costs to remain in abeyance until final decision of this cause.

—Judgment reversed in part and maintained in part.—